Filed 3/27/26  P. v. Padilla CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CARLOS PADILLA,<br><br>    Defendant and Appellant. | B348222<br><br>Los Angeles County<br>Super. Ct. No.<br>XSEVA153246-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Daniel Carlos Padilla, in pro. per.; and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

───────────────

## MEMORANDUM OPINION[1]

Daniel Carlos Padilla appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6.[2]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and Padilla filed a supplemental brief.  We have independently reviewed the contentions Padilla raises in his supplemental brief and conclude they are without merit.  We affirm.

In 2020, the People charged Padilla with the murder, on February 6, 2020, of Carlos Martinez.  The People alleged both "personal" and "principal" firearm allegations as well as a gang allegation.  On January 11, 2024, Padilla entered into a plea agreement with the prosecution.  The prosecution moved to amend the information to add a count for voluntary manslaughter in violation of section 192, subdivision (a). The prosecution added a firearm allegation under section 12022.5, subdivision (a), a gang allegation under section 186.22, subdivision (b)(1)(C), and an aggravating factor allegation under California Rules of Court, rule 4.421(a)(1).  Padilla pleaded no contest to the charge and admitted the firearm, gang, and rule 4.421(a)(1) allegations.  The court sentenced Padilla in accordance with the plea agreement to 24 years in the state prison, calculated as the upper term of 11 years for the manslaughter, the low term of three years for the firearm enhancement, and 10 years for the gang enhancement.

---

[1]    We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    References to statutes are to the Penal Code.

About 16 months later, on June 2, 2025, Padilla filed a petition for resentencing under section 1172.6. On July 31, 2025, the court denied Padilla's petition for failure to state a prima facie case. The court noted that, when Padilla entered his plea, the prosecution already was precluded from proving the manslaughter charge under any theory of imputed malice. The court stated, "When the defendant entered his change of plea, the now invalid theories of murder liability [for manslaughter] had already been eliminated."

Padilla appealed and we appointed counsel to represent him on appeal. Counsel filed an opening brief stating he had "reviewed the entire record on appeal" and he had "not [found] any arguable issues to raise on appellant's behalf." Counsel declared he had written to Padilla and explained his "evaluation of the record on appeal" and his "intention to file this pleading." Counsel informed Padilla of his right to file a supplemental brief.

On March 2, 2026, Padilla filed a pleading erroneously entitled, "Petition for Writ of Error Coram Vobis Cal. Penal Code § 1385(a) Supplemental Opening Brief." We construe the pleading as a supplemental brief under *Delgadillo* in support of Padilla's appeal from the denial of his section 1172.6 petition. Padilla did not dispute that his crime was committed after the effective date of the statute nor did he identify any error in the trial court's denial of his petition on that ground. Instead, he contended the court should have stayed the gun and gang enhancements, the court should "exercise discretion" to strike the enhancements, and he was a "youth offender and should

3

receive the retroactive application of the ameliorative change in law to his conviction."[3]

Senate Bill No. 1437 (2017–2018 Reg. Sess.) took effect on January 1, 2019.  It eliminated the natural and probable consequences doctrine as it relates to murder and limited accomplice liability under the felony-murder rule.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.)  Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) extended relief to people convicted of (as relevant here) manslaughter, or of murder under any "theory under which malice is imputed to a person based solely on that person's participation in a crime." (Stats. 2021, ch. 551, § 2.  See § 188, subd. (a)(3).)

As amended, section 1172.6 provides an avenue for a person *convicted under the former law* to petition the sentencing court to vacate his conviction and be resentenced if he could no longer be convicted under the amended law.  (*People v. Strong* (2022) 13 Cal.5th 698, 708–709, italics added.)  To make a prima facie showing of eligibility for relief under section 1172.6, a petitioner must meet the condition that he or she "could not

---

[3]     Padilla also asserted he was "not a defendant as described in § 1172.1(c), so the court must adhere to the terms of § 1172.1 and set a status conference within 30 days and appoint counsel." According to the clerk's transcript, Padilla had filed a petition under section 1172.1 on May 19, 2025.  It appears the court took no action on the petition, nor was it required to.  Section 1172.1 expressly denies defendants the right to file a petition for resentencing under that section, and expressly excuses the trial court from acting on any such request that a defendant might nevertheless file.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 993.)

presently be convicted of murder . . . *because of changes to Section 188 or 189 made effective January 1, 2019*" (§ 1172.6, subd. (a)(3), italics added), that is, changes made by Senate Bill No. 1437. (*People v. Curiel* (2023) 15 Cal.5th 433, 461.)

In December 2022, our Supreme Court decided *Delgadillo*, *supra*, 14 Cal.5th 216. Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at pp. 231–232.) We are not required to conduct "an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

As noted, Padilla has raised no claims of error in the trial court's denial of his petition. Although we are not required to consider "unraised issues," we conclude the court did not err. Section 1172.6 does not apply to defendants—like Padilla— who were convicted under current law. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590; *People v. Gallegos* (2024) 105 Cal.App.5th 434, 443; *People v. Reyes* (2023) 97 Cal.App.5th 292, 296.) Accordingly, Padilla is ineligible for relief under section 1172.6 as a matter of law.

We have independently reviewed the record and find no arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

5

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



ADAMS, J.